UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JANE A. DEREWAL,

                Plaintiff,

   v.

J.D. VANCE, *et al.*,

                Defendants.

Case No. 25-cv-1040 (JMC)

## MEMORANDUM OPINION

Plaintiff Jane Derewal, proceeding pro se, has filed suit against Vice President J.D. Vance and Attorney General Pamela J. Bondi. ECF 6. The Court addresses two procedural issues before turning to the substance of Derewal's case. First, to the extent that Derewal has moved for leave to file an amended complaint, *see* ECF 6-1 ("Motion for Amended Complaint"), the Court **GRANTS** that motion and considers ECF 6 to be the operative complaint. Second, to the extent that Derewal's "Response to Hon. Boasberg's 'Minute Order' of April 17, 2025 RE: Proceed In Forma Pseudonym," ECF 5, is a renewed motion to proceed under pseudonym, that motion is **DENIED** because it does not "identify[] the consequences that would likely befall [Plaintiff] if forced to proceed in [her] own name." *In re Sealed Case*, 971 F.3d 324, 326 (D.C. Cir. 2020). Absent that information, the Court cannot find "a concrete need for . . . secrecy" that overcomes the usual "presumption of openness in judicial proceedings." *Id.* at 325–26.

Turning to the complaint itself, Derewal alleges that the "25th Amendment must be invoked due to this constitutional crisis of our lifetime from senior's SSA improperly withheld to our eco-damage and not honoring the role of POTUS," and that "J.D. Vance, in his official-capacity, must call for 25th Amendment vote of Cabinet and enforcement." *Id.* at 1. She requests that this

Court enjoin the constitutional crisis "by calling for 25th Amendment vote and enforcement," and provide "any additional relief that th[e] Court deems just and proper." *Id.* at 2. Even affording Derewal the "liberal constru[ction]" appropriate to a pro se litigant, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), the Court concludes that it lacks subject matter jurisdiction over her suit and must therefore dismiss this case.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Indeed, federal courts are "forbidden . . . from acting beyond our authority," *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008), and, therefore, have "an affirmative obligation 'to consider whether the constitutional and statutory authority exist for us to hear each dispute,'" *James Madison Ltd. ex rel. Hecht v. Ludwig*, 82 F.3d 1085, 1092 (D.C. Cir. 1996) (quoting *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 196 (D.C. Cir. 1992)). "[S]ubject matter jurisdiction may not be waived, and . . . courts may raise the issue *sua sponte*." *NetworkIP, LLC*, 548 F.3d at 120 (quoting *Athens Cmty. Hosp., Inc. v. Schweiker*, 686 F.2d 989, 992 (D.C. Cir. 1982)). Absent subject-matter jurisdiction over a case, the court must dismiss it. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506–07 (2006); Fed. R. Civ. P. 12(h)(3).

Standing is an essential element of subject matter jurisdiction. "[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Derewal's complaint contains no factual allegations explaining how she has been concretely injured by Defendants' actions. Derewal states that "senior's SSA [has been] improperly withheld"

and that there has been "eco-damage," but does not allege that she has herself been affected by either of these actions. Absent any allegations to suggest Derewal has some "particularized stake in the litigation," this suit presents "precisely the kind of undifferentiated, generalized grievance about the conduct of government" that courts may not hear. *Lance v. Coffman*, 549 U.S. 437, 442 (2007). Furthermore, to the extent that Derewal's sought-after relief is an injunction removing the President from office under the Twenty-Fifth Amendment, the Court has no power to issue such an order. *See Ballard v. Ohio Elections*, No. 3:25-cv-8, 2025 WL 745184, at *2 (S.D. Ohio Mar. 7, 2025) (dismissing pro se complaint requesting that the court "invoke the Twenty-Fifth Amendment of the United States Constitution to forcibly remove the current President from office" because "neither the Twenty-Fifth Amendment nor any federal statute gives the Court such a broad power"). The Twenty-Fifth Amendment vests the Vice President and "a majority of . . . the principal officers of the executive departments"—not this Court—with the discretion to initiate any attempt to remove a sitting President. U.S. Const. amend. XXV, § 4.

Derewal has not alleged a concrete, particularized injury. Even if she had done so, her injury would not be redressable because the Court lacks the power to grant her requested relief. Derewal therefore lacks standing, and the Court must dismiss this action for lack of subject matter jurisdiction. *See Arbaugh*, 546 U.S. at 506–07.

Finally, Derewal previously filed a motion for leave to proceed in forma pauperis. ECF 9. To the extent that motion remains pending, it is **DENIED** as moot because Derewal later paid the filing fee, and because the Court has determined that Derewal's case must be dismissed.

\*   \*   \*

For the foregoing reasons, this action is **DISMISSED**. A separate order accompanies this memorandum opinion.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: May 29, 2025